**1818.**

*Young* v. *Cooper.*

* *Ante* p. 68.

---

Young and Wife *against* Cooper and others.

Under the act for the partition of lands, where the proceedings are in this court, it is not necessary for the parties to execute mutual releases to each other, according to the partition; but the final decree of the court, that such "partition shall remain firm and effectual forever," &c. is sufficient.

*January* 23.

THE report of the commissioners assigned and empowered to make partition of the real estate, in the pleadings mentioned in this case, was read, filed, and confirmed.

1818.

YOUNG
v.
COOPER.

By the *report*, and the *maps* accompanying it, it appeared that the commissioners had made partition, and allotted and set apart, to each of the parties by metes and bounds.

*Riggs*, for the plaintiffs, suggested a doubt, whether it was necessary, under our act to pursue the course of the *English* Chancery, by which the parties were decreed to release and convey to each other, according to the partition, and he referred to 2 *Sch. & Lef.* 372. as showing the *English* rule.

THE CHANCELLOR thought it unnecessary, under the 17th section of the act, sess. 36. ch. 100. which declares that all partitions made under, and in virtue of proceedings had in the Court of Chancery, shall be firm and effectual forever; and that the final decree of the court for, or upon the partition, &c. shall be binding and conclusive, as absolutely, as if such partition, &c. had been made in a court of law, &c." There is no doubt that by the *English* practice, the parties execute mutual conveyances, settled by a master.

The decree, in this case, therefore, was, " that the said partition remain firm and effectual forever; and that the said parties respectively hold and enjoy, in severalty, the said portions of the premises set apart and allotted to them as aforesaid."